UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

ROBIN STEPHENS,

       Plaintiff

    v.

SHUTTLE ASSOCIATES LLC., et al.

       Defendants
_____

No. 07-cv-5614 (VM)
**ANSWER TO AMENDED COMPLAINT BY DEFENDANTS SHUTTLE ASSOCIATES LLC AND SUPER SHUTTLE INTERNATIONAL INC.**

      Defendants Shuttle Associates, LLC and SuperShuttle International, Inc. (herafter collectively referred to as "SuperShuttle"), by their undersigned attorneys, for their answer to the Amended Complaint:

      1. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 1.

      2. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 2.

      3. Admit Paragraph 3.

      4. Deny Paragraph 4 and aver that SuperShuttle International Inc. is a Delaware corporation; that Shuttle Associates, LLC is a wholly-owned subsidiary of SuperShuttle International, Inc.; that Shuttle Associates, LLC is an affiliate of SuperShuttle Franchise Corporation, a Delaware Corporation; and that, as a city franchise licensee under a license agreement with SuperShuttle Franchise Corporation, Shuttle Associates grants

unit franchise rights to individuals and entities that provide services under the SuperShuttle trademark in New York City.

5. Deny Paragraph 5 as phrased, and aver that Shuttle Associates, through its unit franchisees, engages in the business of on-demand transportation services between points in the New York City area and the local airports serving New York City; that it provides equivalent services to persons with disabilities including persons who use wheelchairs; and that it solicits customers for this business through a variety of means.

6. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 6.

7. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 7.

8. Admit that SuperShuttle's reservation records indicate that Plaintiff made reservations for accessible wheelchair rides on Friday, April 7, 2006 at 6pm from LaGuardia airport to Manhattan on Monday, April 10 at 2 pm from Manhattan to LaGuardia, and that both reservations were made on Monday, April 3, 2006, and otherwise deny knowledge or information sufficient to form a belief as to the truth of Paragraph 8.

9. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 9, except aver that the reservation form indicates that a cellphone number was given to contact Plaintiff.

10. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 10.

11. Deny Paragraph 11.

12. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 12.

13. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 13.

14. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 14.

15. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 15.

16. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 16.

17. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 17.

18. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 18.

19. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 19.

20. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 20.

21. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 21.

22. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 22.

23. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 23.

24. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 24.

25. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 25.

26. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 26.

27. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 27.

28. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 28.

29. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 29.

30. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 30.

31. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 31.

32. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 32.

33. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 33.

34. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 34.

35. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 35.

36. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 36.

37. Admit that Defendants' records indicate that the van picked Plaintiff up on April 10, 2006 and drove her to Laguardia Airport, and otherwise deny knowledge or information sufficient to form a belief as to the truth of Paragraph 37.

38. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 38.

39. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 39.

40. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 40.

41. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 41.

42. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 42.

43. Deny that, to the extent Plaintiff was late for her flight, that lateness was caused by SuperShuttle, and otherwise deny knowledge or information sufficient to form a belief as to the truth of Paragraph 43.

44. Deny knowledge or knowledge or information sufficient to form a belief as to the truth of Paragraph 44.

45. Admit that Shuttle Associates' unit franchisees operate at least two wheelchair accessible vans for the use of persons with disabilities; admit that Shuttle Associates' unit franchisees also operate other vehicles going to and from New York airports; aver that Shuttle Associates ' unit franchisees thereby offer adequate services equivalent to persons without disabilities; and otherwise deny Paragraph 45.

46. Deny Paragraph 46.

47. Deny Paragraph 47.

48. Deny knowledge or information sufficient to form a belief as to the truth of how often, if ever, Plaintiff has occasion to travel to New York by air, and otherwise deny Paragraph 48.

49.  Deny Paragraph 49.

50. Deny Paragraph 50.

51. Deny knowledge or information sufficient to form a belief as to the truth of how often, if ever, Plaintiff has occasion to travel to New York by air, and otherwise deny Paragraph 51.

52. Deny Paragraph 52.

53. Repeat and reallege their answers to Paragraphs 1-52 for their answer to Paragraph 53.

54. Paragraph 54 is a statement of Congressional purpose that requires no answer, but to the extent an answer is required, deny Paragraph 54 and respectfully refer the Court to the relevant statute and legislative history for the contents thereof.

55. Paragraph 55 is a statement of statutory authorization and of the contents of a regulation that requires no answer, but to the extent an answer is required, deny Paragraph 55 and respectfully refer the Court to the relevant statutory authorization and to the referenced regulation for the contents thereof.

56. Deny Paragraph 56.

57. Repeat and reallege their answers to Paragraphs 1-56 for their answer to Paragraph 57.

58. Deny Paragraph 58.

59. Repeat and reallege their answers to Paragraphs 1-58 for their answer to Paragraph 59.

60. Deny Paragraph 60.

61. Repeat and reallege their answers to Paragraphs 1-60 for their answer to Paragraph 61.

62. Deny Paragraph 62 as stated, but respectfully refer the Court to the website of SuperShuttle International Inc as the best evidence of the contents thereof.

63. Admit that Paragraph 63 accurately quotes the website of defendant SuperShuttle International, Inc and otherwise deny Paragraph 63.

64. Admit that Paragraph 64 accurately quotes the website of defendant SuperShuttle International, Inc. and otherwise deny Paragraph 64.

65. Admit that Paragraph 65 accurately quotes the website of defendant SuperShuttle International, Inc. as it appeared in April 2006 and otherwise deny Paragraph 65.

66. Admit that Shuttle Associates' unit franchisees have operated at least two accessible vans in New York City continuously since at least October 2002; that SuperShuttle has owned several accessible vans in use in New York City since 2002; and that Shuttle Associates has maintenance records concerning SuperShuttle's accessible vans in New York City; and otherwise deny knowledge or information sufficient to admit or deny Paragraph 66.

67. Admit that throughout the period from 2002 forward, SuperShuttle has maintained quality assurance records that include comments received from its customers, and otherwise deny Paragraph 67.

68. Deny Paragraph 68.

69. Deny Paragraph 69.

70. Deny Paragraph 70.

71. Deny Paragraph 72.

72. Repeat and reallege their answers to Paragraphs 1-71 for their answer to Paragraph 72.

73. Deny Paragraph 73.

74. Deny Paragraph 74.

75- 101. Paragraphs 75-101 are alleged against other defendants and not against either defendant SuperShuttle International, Inc. or defendant Shuttle Associates, LLC and require no answer. To the extent that an answer is required, these defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations.

## AFFIRMATIVE DEFENSES

1. The Complaint fails in whole or in part to state a claim or claims upon which relief can be granted.

2. Plaintiff's alleged injuries and damages, if any, were not caused by any act or omission of SuperShuttle, but by plaintiff's own acts, negligence and contributory negligence.

3. Plaintiff has failed to join an indispensable party.

4. Plaintiff has failed to join a real party in interest.

5. Plaintiff voluntarily chose to take a public bus on her inbound route and thus has not alleged or suffered any damages.

6. Plaintiff assumed the risk of delays in the return trip by voluntarily taking the actions alleged.

7. Plaintiff was safely transported to Laguardia on her return trip in time to catch her flight and therefore suffered no injury or damages.

8. SuperShuttle fully performed its contractual duties.

9. SuperShuttle fully met its statutory and regulatory obligations.

10. The doctrine of primary jurisdiction bars this Court from hearing the Plaintiff's claims until one or more issues are resolved by the appropriate administrative agency.

11. To the extent the Complaint states any claims upon which relief can be granted, one or more of those claims is pre-empted.

WHEREFORE, defendants SuperShuttle International, Inc. and Shuttle Associates, LLC respectfully pray that this Court enter judgment in their favor, dismissing this action, and for such other and further relief as the Court deems just.

Dated:  August 13, 2007                          Respectfully submitted,
Filed Electronically


                                                                   /s/ Joseph G. Cosby
                                                 Thomas Earl Patton TP 6189
                                                 Joseph G. Cosby (admitted *pro haec vice*)
                                                 TIGHE PATTON ARMSTRONG TEASDALE
                                                 1747 Pennsylvania Ave. N.W. Suite 300
                                                 Washington, D.C. 20006
                                                 202 454 2840

OF COUNSEL:

                                                 Peter F. Healey
                                                 TIGHE PATTON ARMSTRONG TEASDALE
                                                 1747 Pennsylvania Ave. N.W. Suite 300
                                                 Washington, D.C. 20006
                                                 202 454 2840