Aaron David Frishberg declares under penalties of perjury pursuant to federal law that the within facts are true:

1. I am the attorney for Plaintiff in the within lawsuit. I make this declaration under penalties of perjury pursuant to federal law, to show how the opportunity for discovery, not yet afforded to Plaintiff, may produce evidence which will assist her in opposing the TA Defendants' motion for summary judgment, if this Court elects to consider the TA Defendants' materials and to convert the motion to dismiss to one for summary judgment, and to address factual issues concerning the alleged service of a notice of GML 50-h hearing and the lack of training of TA employees within my personal knowledge.

2. Certain of the discovery which Plaintiff requires is detailed in the accompanying memorandum of law. Those details of the Plaintiff's needed discovery are incorporated by reference into this declaration, and I certify that they are part of the discovery which I believe to be necessary to respond to the motion for summary judgment.

3. Plaintiff avers in her affidavit that it is her experience on TA buses that over fifty percent of the drivers fail to offer her securement. This evidence of a lack of training to proficiency in meeting the needs of wheelchair users is indicative of a reckless disregard on the part of the TA Defendants of their obligation to make TA transit available to wheelchair users, a group of persons protected by the Americans with Disabilities Act, insofar as they are limited in the life functions of walking and standing, and qualified to ride New York City buses.

4. To prove up her case, for injunctive relief and compensatory damages, Plaintiff needs access to documents which are in the exclusive possession of the TA Defendants, including, but not limited to:

    a. the edition of the Bus Operator's Guide to Customer Service which was in use in Manhattan at the time of the incident and subsequent editions;

    b. the edition of the Dispatcher's Guide which was in use at the time of the incident, and subsequent editions;

    c. any other training materials used at the time that Bus Operator Gregory was in training, (or the most contemporaneous examples of similar materials);

    d. self-assessments compiled by the TA Defendants pursuant to ADA regulations concerning their meeting the needs of wheelchair riders;

    e. compilations of customer complaints by wheelchair riders for a reasonable period prior to the incident;

    f. inspection of the employee personnel record of Bus Operator Gregory, including any records of discipline or re-training of this bus operator, especially with regard to wheelchair users and other persons with disabilities, and a record of his attendance of trainings on accommodating persons with disabilities;

    g. depositions of persons with knowledge of the TA Defendants' training of bus operators and dispatchers with respect to accommodating the needs of persons with disabilities;

    h. deposition of Dispatcher Ely and Bus Operator Gregory with regard to their versions of the incident on which the TA defendants are sued;

    i. the search terms used to locate the wheelchair operations manuals on the internet which were incorporated into the TA Defendants' motion, in order to test whether there was a selective production of only that evidence which ostlensibly favored Defendants' position;

    j. any data maintained by the TA Defendants concerning the generation of Electromagnetic interference (EMI) by radio transmissions from buses to the Control Center, and their effect on power wheelchairs.

5. On Sunday, September 16, 2007, I attended a business meeting of Disabled in Action. at which perhaps fifty persons were present, most of them persons with physical disabilities, and perhaps the majority of these mobility impairments which caused the persons to use wheelchairs. At that meeting, the president of DIA announced that she would be meeting later in the month with an official of the Metropolitan Transit Authority concerning problems that people with disabilities had with the bus drivers who operate MTA buses. Over the next half hour, at least twenty people offered different problems that they described as typical of those which they encountered on New York City buses due to the lack of understanding of bus operators of how they should accommodate persons in wheelchairs. This issue had not been mentioned in the announcements of the meeting, so that the attendees were not self-selected for their problems with New York City bus drivers, but only for their interest in addressing the issues affecting persons with disabilities in New York. Because of the briefing schedule, Plaintiff has had no opportunity to engage a survey or other discovery mechanism to identify potential non-party witnesses to the systemic problems demonstrated by their experiences as wheelchair users on New York City transit buses.

6. Plaintiff has had no opportunity to develop evidence, beyond her own affidavit and that of her counsel, that there is no record that a notice of a hearing pursuant to GML 50-h was sent to Plaintiff or the undersigned counsel, or that there is no record of a court reporter being present for a hearing that did not take place.

7. As the attorney who prepared the Notice of Claim, and whose name and address

       was provided on it, I can certify that I never received notice of a hearing. Because my client resided in Berkeley, CA, and regularly resides in Denver, CO, I was looking for the hearing notice so that I could adjourn the hearing to coincide with one of Plaintiff's trips to New York. I have searched my file on this case, and have seen no evidence that a hearing notice was ever received.

8.      As pointed out in Plaintiff's memorandum in opposition, because no preliminary meeting among the parties has taken place, Plaintiff has had no opportunity to conduct discovery necessary to meet the issues raised by the TA Defendants.

Wherefore, it is submitted that the Plaintiff has not had an adequate opportunity to conduct discovery which would lead to a better ability to oppose summary judgment.

_____

Aaron David Frishberg