Exhibit 2

Case 1:07-cv-05614-VM    Document 29    Filed 10/25/2007    Page 1 of 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ESTELLE STAMM,

                Plaintiff,

    -against-

NEW YORK CITY TRANSIT AUTHORITY (TA);
MANHATTAN AND BRONX SURFACE
TRANSIT OPERATING AUTHORITY (MABSTOA);
LAURENCE G. REUTER, TA PRESIDENT;
KATHERINE LAPP, TA EXECUTIVE DIRECTOR;
MILLARD SEAY, TA VICE PRESIDENT FOR BUSES;
MICHAEL LOMBARDI, TA VICE PRESIDENT FOR
SUBWAYS; JOHN GAITO and AUGUSTINE ANGBA
of the ADA COMPLIANCE UNIT of the TA,
all individually and in their official capacities,

                Defendants.
------------------------------------------------------------------X

**MEMORANDUM AND ORDER**

04-CV-2163 (SLT)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 7 2006 ★
P.M.
TIME A.M. _____

**TOWNES, United States District Judge:**

    Plaintiff, Estelle Stamm, brings this action pursuant to 42 U.S.C. § 1983 ("section 1983" or "§ 1983"); Title II of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12131, 12132, and 12148; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and New York State and New York City Laws, alleging that the New York City Transit Authority ("TA"), the Manhattan and Bronx Surface Transit Operating Authority ("MABSTOA"), and six employees of the TA (collectively, the "Individual Defendants") discriminated against her by denying her "equal access to . . . buses and subways." Amended Complaint ("Am. Complt.") at 1. Defendants now bring this motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss (1) plaintiff's claims pursuant to § 1983; (2) those claims which allege the violation of regulations issued pursuant to the [ADA] and the Rehabilitation Act; (3) those claims against the Individual Defendants which are premised on a violation of the New York State Human Rights Law and the

plaintiff's eighth cause of action) and the NYCHRL (plaintiff's ninth cause of action) are, therefore, dismissed.

Plaintiff's Causes of Action under the New York City Human Rights Code

Next, defendants argue that plaintiff's ninth cause of action, alleging the violation of provisions of the New York City Human Rights Code, must be dismissed because a 2000 amendment to New York Public Authorities Law ("PAL") § 1266(8) specifically exempts the TA and MABSTOA from liability under the New York City Administrative Code. This argument appears to be based on defendants' unsubstantiated assumption that the amendment was designed to overturn *Levy v. City Commission on Human Rights*, 85 N.Y.2d 740, 628 N.Y.S.2d 245 (1995), which held that the New York City Transit Authority is subject to the jurisdiction of the New York City Commission on Human Rights. However, this same argument has already been rejected by several district courts in this Circuit. Defendants' motion is, therefore, denied.

Prior to being amended in 2000, PAL § 1266(8) provided, in pertinent part:

> [N]o municipality . . . shall have jurisdiction over any facilities of the authority [*i.e.*, the Metropolitan Transportation Authority] or any of its activities and operations. The local laws, resolutions, ordinances, rules and regulations of a municipality . . . , heretofore or hereafter adopted, conflicting with this title or any rule or regulation of the authority, shall not be applicable to the activities or operations of the authority, or the facilities of the authority, except such facilities that are devoted to purposes other than transportation or transit services.

In 1995, the New York Court of Appeals decided *Levy*, a gender discrimination case in which a former TA employee had been awarded relief by the New York City Commission on Human Rights ("the Commission"). The sole issue in *Levy* was whether the TA was subject to the jurisdiction of the Commission. In answering that question in the affirmative, the Court

24

expressly rejected the TA's argument that, because the TA "is an independent and autonomous public authority created by the Legislature," the Commission could "exercise jurisdiction over it only if the Legislature . . . expressly authorized such local regulation and control." *Levy*, 85 N.Y.2d at 744, 628 N.Y.S.2d at 247. The *Levy* Court noted that such public authorities are only "'independent and autonomous' to the extent that they should be free from requirements imposed on other State agencies that would interfere with the accomplishment of the public corporation's purpose." *Id.*, 85 N.Y.2d at 745, 628 N.Y.S.2d at 248. Noting that the TA's purpose was "to acquire and operate transit facilities," the Court found that compliance with prohibitions against employment discrimination would not interfere with the TA's function or purpose.

In addition, the *Levy* Court rejected "the contention that specific legislative authority is required for the Commission's oversight" of the TA. *Id.* The Court noted that the Administrative Code gave the Commission authority to investigate complaints that corporations had engaged in discrimination, and that the legislature had not stripped the Commission of that authority with respect to public authorities or public benefit corporations, such as the TA. The Court stated:

> The Legislature has expressly declined to restrict the scope of the City Commission's jurisdiction and authority (*see*, General Municipal Law § 239-s), and there is no provision in the Public Authorities Law which appears to preclude the City Commission's jurisdiction over the New York City Transit Authority (*compare, e.g.*, Public Authorities Law § 1307[7] [the Capital District Transportation Authority is not subject to the jurisdiction over local governments unless specifically provided]).

*Id.*