About five years after *Levy* was decided, the Legislature amended PAL § 1266(8) to state that the TA and its subsidiaries, like the Metropolitan Transportation Authority and its subsidiaries, were exempt from certain local laws. As amended, PAL § 1266(8) now reads, in pertinent part:

> [N]o municipality . . . shall have jurisdiction over any facilities of the authority and its subsidiaries, and New York city transit authority and its subsidiaries, or any of their activities and operations. The local laws, resolutions, ordinances, rules and regulations of a municipality or political subdivision, heretofore or hereafter adopted, conflicting with this title or any rule or regulation of the authority or its subsidiaries, or New York city transit authority and its subsidiaries, shall not be applicable to the activities or operations of the authority and its subsidiaries, and New York city transit authority, or the facilities of the authority and its subsidiaries, and New York city transit authority and its subsidiaries, except such facilities that are devoted to purposes other than transportation or transit services.

Defendants argue that this amendment prohibits local governments from exercising jurisdiction over the TA, much as PAL § 1307(7) prohibits local governments from exercising jurisdiction over the Capital District Transportation Authority. Defendants further assert that, in light of this amendment, the New York Court of Appeals "would almost certainly conclude" that the TA is no longer subject to the discrimination provisions of the New York City Administrative Code.

This same argument has already been rejected by at least two other courts in this Circuit. In *Everson v. New York City Transit Auth.*, 216 F.Supp.2d 71 (E.D.N.Y. 2002), Judge Glasser found "no reason to conclude that, despite the recent amendment to Section 1266(8), the New York Court of [A]ppeals would today decide that the NYCTA is exempt from the reach of the New York City Administrative Code." *Id.* at 81. Judge Glasser found that "the upshot of the holding in *Levy* is that Section 1266(8) will only exempt the NYCTA from the reach of local

laws which interfere with the accomplishment of the NYCTA's purpose." *Id.* at 80. Noting that "compliance with local human rights laws will not interfere with the NYCTA's purpose," *id.*, Judge Glasser concluded that the 2000 amendment to PAL § 1266(8) would not alter the *Levy* Court's analysis.

Similarly, in *Bogdan v. New York City Transit Auth.*, No. 02 Civ. 9587 (GEL), 2005 WL 1161812 (S.D.N.Y. May 17, 2005), Judge Lynch expressly rejected the TA's argument that the 2000 amendment of PAL § 1266(8) had the effect of overruling *Levy*. Judge Lynch noted that, while the amended statute provided that "no municipality . . . shall have jurisdiction" over the TA, this blanket prohibition appeared to be qualified by a subsequent provision which provided "that only local laws that 'conflict[ed]' with the Public Authorities Law should be inapplicable, and then, only as to 'facilities . . . devoted to . . . transportation and transit services." *Id.* at *5. Applying basic principles of statutory analysis, Judge Lynch reasoned that "the Legislature did not intend to prohibit the application of all local laws to the TA, but only of such laws that interfered with the accomplishment of its transportation purposes." *Id.*

Judge Lynch also noted that his interpretation of § 1266(8) was supported by both federal and state court precedents. Judge Lynch cited not only to *Everson*, but also to *Wahlstrom v. Metro-North Commuter R.R. Co.*, 89 F.Supp.2d 506, 527 n. 21 (S.D.N.Y. 2000), which expressly followed *Levy* in "holding that Metro-North is not exempt from the NYCHRL." In addition, Judge Lynch cited to two state court cases – *Huerta v. N.Y. City Transit Auth.*, 290 A.D.2d 33, 735 N.Y.S.2d 5 (1st Dept. 2003), and *Rios v. Metro. Transp. Auth.*, Index No. 13206/03, 2004 WL 309154 (Richmond Co. Sup. Ct. Dec. 22, 2004) – which held that the TA could be sued for violations of local law even after the amendment of § 1266(8). Judge Lynch noted that, "[i]n

sharp contrast, the TA cites no judicial authority holding that the May 2000 amendment to § 1266(8) exempts it from complying with the City's anti-discrimination law." *Bogdan*, 2005 WL 1161812, at *6.

In this case, unlike in *Bogdan*, the TA has cited to some cases. However, in the case on which defendants principally rely – *Robinson v. Metro-North Commuter R.R. Co.*, Nos. 94 Civ. 7374 (JSR), 95 Civ. 8594 (JSR), 1998 WL 17742 (S.D.N.Y. 1998) – the plaintiffs did not controvert the TA's assertion that § 1266(8) required the dismissal of those causes of action brought under the New York City Administrative Code. Although the *Robinson* Court stated that it did not "perceive any valid response" to this argument, *id.* at *10, it did not discuss *Levy* or otherwise indicate that it had fully analyzed the issue. As a result, at least one court in this Circuit has expressly declined to follow *Robinson*. See *Wahlstrom*, 89 F.Supp.2d at 527 n. 21.

The only other federal case cited by defendants is an unpublished opinion which merely notes that the New York City Commission on Human Rights ("NYCCHR") had issued a right to sue letter in an employment discrimination case "based on the fact that New York City does not have jurisdiction over the NYCTA." *Gethers v. New York City Transit Auth.*, No. 02 CV 4310 (ARR), slip op. at 3-4 (E.D.N.Y. Sept. 30, 2004). However, the *Gethers* opinion itself did not address this issue, and the NYCCHR decision reported in that opinion appears to have been based on the TA's representations concerning the effect of the 2000 amendments, rather than on judicial authorities or the NYCCHR's own evaluation of the changes to § 1266(8).

Accordingly, defendants' motion to dismiss plaintiff's ninth cause of action on the ground that PAL § 1266(8), as amended, exempts the TA and MABSTOA from liability under the New

York City Administrative Code is denied.[6]

Plaintiff's State Tort Claims

Finally, defendants move to dismiss plaintiff's tenth cause of action, containing various State tort claims, on the ground that plaintiff has not yet filed the notice of claim required by New York General Municipal Law §§ 50-e and 50-i. These sections require that plaintiffs asserting State tort claims against a municipal entity or its employees must (1) file a notice of claim within ninety days after the incident giving rise to the claim, and (2) commence the action within a year and ninety days from the date on which the cause of action accrues. While these provisions "have been strictly construed by both state and federal courts," *Rohman v. New York City Transit Auth.*, No. 97-CV-0231 (ILG), 1998 U.S. Dist. LEXIS 19367, at *24 (E.D.N.Y. Oct. 30, 1998), New York's General Municipal Law also provides a procedure by which a plaintiff can apply to the State court for leave to serve a late notice of appeal. N.Y. Gen. Mun. L. 50-e(5).

Plaintiff implicitly concedes that she has not filed the notice of claim required under §§ 50-e and 50-i. However, plaintiff also represents that she may yet seek leave to serve a late notice of appeal. This Court agrees with plaintiff that dismissal of her tort claims for failure to file this notice would be premature under these circumstances. Defendants' motion to dismiss the tenth count of the indictment is therefore denied at this time. Defendants may, however, renew this motion if plaintiff fails to obtain leave to file a late notice of claim.

---

[6]Defendants have not raised, and this Court has not addressed, the issue of whether the local laws on which the ninth cause of action is based "interfere with the accomplishment" of the TA's purpose, *Everson*, 216 F.Supp.2d at 80, or "conflict with the TA's status as an independent agency charged with . . . providing transportation services." *Bogdan*, 2005 WL 1161812, at *6.

29