## AARON DAVID FRISHBERG, ESQ.

116 WEST 111 STREET   NEW YORK NEW YORK 10026
TELEPHONE: 212. 740-4544

| USDS SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: 11-20-07 |

November 17, 2007

Hon. Victor Marrero, USDJ
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Stephens v. Shuttle Associates, LLC  et al.
Dkt. No. 07 cv 5614

Honorable Sir:

Your Honor has directed Plaintiff to address whether the proposed amendment to the complaint was addressed to the motion of the TA Defendants to dismiss the amended complaint for failure to state a cause of action. Plaintiff has not sought by amendment to allege any additional facts or to amend her theories of liability.  The sole amendment substitutes the name "Bus Operator Gregory" for the pseudonym "Bus Driver John Doe."

However, while the TA defendants assert that they are not subject to suit under the New York City Human Rights Code, a cause of action against Bus Operator Gregory would still be available even if they were correct. Feingold v. New York, 366 F. 3d 138 (2d Cir. 2004), discussed in Plaintiff's brief at ps. 8-9.

Erroneously dismissing the NYCHRC claim against the TA defendants could compel a second trial, since the protections extended by the code are more expansive than those of state and federal discrimination law, while erroneously allowing that claim to go forward could be rectified by vacating any damages awarded against the TA defendants only on that cause of action.  Prudential considerations therefore militate against dismissing claims under the NYCHRC against the TA defendants

Respectfully submitted,

Aaron David Frishberg

cc: all counsel

Request GRANTED. Plaintiff is authorized to
amend the complaint herein so as to identify
the John Doe bus driver defendant as Bus
SO ORDERED: Operator Gregory

11-20-07

DATE                    VICTOR MARRERO, U.S.D.J.