UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

ROBIN STEPHENS,

                                    Plaintiff,

                 -against-

SUPER SHUTTLE, INC., SUPER SHUTTLE
INTERNATIONAL, INC., NEW YORK CITY
TRANSIT AUTHORITY, MANHATTAN AND
BRONX SURFACE TRANSIT OPERATING
AUTHORITY and "JOHN DOE," NYCT BUS
DRIVER,

                                    Defendants.

-----------------------------------------------------------------X

**DECLARATION OF ANN
BURTON GOETCHEUS IN
SUPPORT OF TRANSIT
DEFENDANTS' MOTIONS TO
DISMISS AND/OR SEVER**

**CV-07-5614 (MARRERO, J.)**

ANN BURTON GOETCHEUS, pursuant to 28 U.S.C. § 1746, declares:

1.      I am the attorney who represents the Defendants New York City Transit

Authority ("NYCTA") and Manhattan and Bronx Surface Transit Operating Authority("

MaBSTOA") (jointly "Transit Defendants") in this action. I submit this declaration in

further support of the Transit Defendants' motions in the alternative, under Fed. Rules

Civ. P. 21 and 12(b) (6), first, to dismiss the Seventh through Twelfth Causes of Action

in the Amended Complaint for failure to state a claim of disability discrimination under

the Americans with Disabilities Act, the Rehabilitation Act, or the New York State and

New York City Human Rights Laws (respectively the "NYS HRL" and the "NYC

HRL"), second, to dismiss the Eleventh Cause of Action because, pursuant to the New

York Public Authorities Law § 1266(8), the New York City HRL is not applicable to the

Transit Defendants; third, to dismiss the Twelfth Cause of Action because Plaintiff has

not complied with the requirements of the Public Authorities Law § 1212(5), as she failed

to provide accurate information concerning her claim in her sworn Notice of Claim and has not appeared for a statutory hearing by the Transit Defendants, prerequisites to suit; and finally, in further alternative, the Transit Defendants move under Fed R. Civ. P. 21 to sever any of the Causes of Action Seventh through Twelfth raised against them that survive the preceding motions to dismiss from Causes of Action First through Sixth raised against Shuttle Associates, L.L.C. and Supershuttle International, Inc. (hereinafter "the Super Shuttle Defendants) for the reasons stated in Transit Defendants' Memoranda of Law. Plaintiff, in footnote 1 of her Brief in Response, has conceded that she may not raise claims for punitive damages against a public authority such as the Transit Defendants.

2.      A copy of a declaration by Ann Marie McNicholas with attached computer screen print, is annexed hereto as Exhibit 1, and describes the administrative process under which the notice of statutory hearing was generated and mailed in the ordinary course of business to Plaintiff's counsel upon the filing of her Notice of Claim and her scheduled hearing was adjourned upon a telephoned request on July 3, 2006.

3.      Copies of affidavits of, respectively, Estelle Stamm and Bruce J. Turkle, Esq., filed in *Stamm v New York City Transit*, Index no. 13964/07, a proceeding in Kings County Supreme Court in May 2007, are annexed hereto as Exhibits 2 and 3 as evidence of the condition of Mr. Frishberg's office and record-keeping in July 2006.

4.      Ms. Stamm stated in her affidavit, ¶ 10, attached as Exh. 2, "In or about late July 2006, Mr. Frishberg released a portion of my files to Phillips Nizer. However, those files were, to be blunt, a mess, which just confirmed my decision to terminate his representation."

2

2007-9958
-#1030415

5.    In his affidavit, ¶ 7, attached as Exh. 3, Mr. Turkle, an attorney, stated:,

Certain of Mr. Frishberg's files relating to the Federal Action—and the April 20, 2006 incident—were delivered to Phillips Nizer in mid-July 2006. The documents were delivered in haphazard fashion, with unmarked files and papers lumped together in boxes. Indeed, the files were so disorganized it was difficult to distinguish between petitioner's documents and those documents produced by the Transit Authority as part of discovery in the Federal Action. The documents pertaining to the April 20, 2006 incident were mixed in among other papers and not easily identifiable. Consequently, critical time passed before we were able to identify the documents relating to the April 20, 2006 incident.

6.    The Kings County Supreme Court hearing the matter in support of which these affidavits had been submitted granted Ms. Stamm's petition.

7.    In my prior declaration, ¶ 4, attached to the moving papers, I stated, on information and belief, that Plaintiff did not request an adjournment of the statutory hearing scheduled in response to her notice of claim. I have since learned that that is incorrect. As a General Litigation attorney, I do not have access to the computerized Torts claims system and I learned of the adjournment only in preparation of this Reply. I apologize for the erroneous statement provided with the moving brief.

8.    Review of Torts Division computer records determined that an adjournment was requested for the hearing scheduled for this claim, as attested to in the McNicholas Declaration, attached hereto as Exh. 1.

9.    Plaintiff submitted a purported copy of the manual for Plaintiff's power wheelchair as Exhibit 1 attached to her Affidavit in response to the Motion. This manual, as well as the publicly available third-party manuals submitted with the moving papers, provides evidence from which the court may take judicial notice that a request to power off a power wheelchair on a bus does not constitute a prima facie example of disability discrimination. Specifically, we call the Court's attention to references in Plaintiff's Exh.

2007-9958
-#1030415

1 on pages 39, 63, 102, 106, 107, and 120 as to the advisability of powering off the chair under numerous circumstances, and also, at 56, its description of settings of the control for various sensitivities, depending on the user's specific physical condition at a particular time.

10.    We further refer the court to page 19 of Plaintiff's Exh. 1 for the fact that the weight of Plaintiff's powerchair, unoccupied, was 266-278 pounds, depending on which model of battery was utilized.

Executed at Brooklyn, New York, this 7th day of December, 2007, subject to the penalties of perjury.

Ann Burton Goetcheus

4

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x

ROBIN STEPHENS,
Plaintiff,

-against-

SUPER SHUTTLE, INC., SUPER
SHUTTLE INTERNATIONAL, INC., NEW
YORK CITY TRANSIT AUTHORITY,
MANHATTAN AND BRONX SURFACE
TRANSIT OPERATING AUTHORITY and
"JOHN DOE," NYCT BUS DRIVER
Defendants.
------------------------------------------------------- x

Index #104791/2007
(Marrero, J.)

DECLARATION BY ANN
MARIE MCNICHOLAS IN
SUPPORT OF TRANSIT
DEFENDANTS' MOTION TO
DISMISS

ANN MARIE MCNICHOLAS, declares pursuant to 28 U.S.C. § 1746

that:

1.      This declaration is submitted in support of the motion to dismiss by Defendants

New York City Transit Authority ("NYCTA") and Manhattan and Bronx Surface Transit

Operating Authority(" MaBSTOA") (Jointly "Transit Defendants") in the above captioned

action.

2.      I am a Principal Administrative Associate III for NYCTA.  I have been

employed by NYCTA-Law Department, Torts Division since 1985.  I work in the

Litigation Support Unit.  I make this declaration based on personal knowledge and belief

and on review of the records held by the Transit Defendants.

3.      Among my duties is administration of scheduled 50-h hearings for newly

filed tort claims, including receiving telephoned and written requests for adjournments of

50-h hearings.

4.      The tort claim filed by the Plaintiff in the above action was given the

following number in the TA Claims Processing System, BU 20060408 0010 001.

5.      Recently, I was requested to review the claim file and the computer records regarding the notice and schedule for a 50-h hearing relating to this claim. I understand that the notice generated was attached as Exh. C to the Goetcheus Declaration submitted with the moving papers. Under regular practice in the NYCTA, 50-h hearings are scheduled by the PLIS (Public Liability Information System) computer system when tort claims are received. Notices to Claimants' attorneys are computer generated and are mailed in the ordinary course of claims processing by the NYCTA Torts Division. When the letter is generated and mailed, a paper copy is also generated and is placed in the physical claim file. Exh. C is a copy of the letter found in the tort claim file established for this matter.

6.      I have attached screen prints of the computer records relating to the scheduling of the hearing on July 6, 2006 at 10:30. The computer record discloses that a telephoned request for an adjournment was received and entered on July 3, 2006. It bears my initials ("AMM") as the person responsible for the entry. My routine practice, upon receipt of a telephone request for an adjournment, is to post it to the computer during the telephone conference with the party requesting it (or, in response to a voice message). In this instance, no new date was scheduled for the hearing.

Executed at Brooklyn, New York, this third day of December, 2007, subject to the penalties of perjury.

*Ann Marie McNicholas*

**ANN MARIE MCNICHOLAS**

2

12/4/2007

**Goetcheus, Ann**

**From:** Otero, Daysy
**Sent:** Tuesday, December 04, 2007 9:17 AM
**To:** Goetcheus, Ann
**Subject:** AS PER YOUR REQUEST



```
2 - HPCB5_Secure_3 (hpcb5)Encrypted

File  Edit  View  Connection  Transfer  Options  Tools  Help

 1   2      Title Bar...   7   8   9   10  11  12  13  14  15  16  17  18  19  20  21  22  23  24  25  26  27  28  29  30  31  32
           Toolbars...


              TA CLAIMS PROCESSING SYSTEM  VERSION 1.00
              ================ HEARING SCHEDULE ==============

Date: 07/06/2006  Time: 10 : 30  Slot (1/2/3): 2

File Number:  BU  20060408  0010  001

Claimant:  ROBIN         STEPHENS
Attorney:                AARON FRISHBERG

Interpreter Required?:  A    Language: ___

Held/Adjourned (H/A/S):  A   By Phone/Stipulation (P/S): P
                             Date: 07/03/2006

                    Update By:  AMM
```

# EXHIBIT 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

------------------------------------------------------------ x

In The Matter Of The Application of       :

ESTELLE STAMM,       :

                 Petitioner,       :     Index No.:

      :

For An Order Pursuant to CPLR Article 78       :

      :     **AFFIDAVIT OF ESTELLE STAMM**

           - against -       :     **IN SUPPORT OF MOTION TO**

      :     **DEEM TIMELY A PREVIOUSLY**

NEW YORK CITY TRANSIT AUTHORITY,       :     **SERVED NOTICE OF CLAIM OR**

      :     **FOR LEAVE TO SERVE A LATE**

           Respondent       :     <u>**NOTICE OF CLAIM**</u>

------------------------------------------------------------ x

STATE OF NEW YORK     )
                        ) ss.:
COUNTY OF NEW YORK    )

Estelle Stamm, being duly sworn, deposes and says:

1.      I am the petitioner in this proceeding and am fully familiar with the facts set forth herein. I submit this affidavit in support of my motion for an Order, pursuant to CPLR Article 78, deeming my Notice of Claim served on the respondent New York City Transit Authority ("NYCTA") a few days after the 90-day deadline to have been timely served or, in the alternative, granting me leave to file a late notice of claim. A copy of the July 28, 2006 Notice of Claim is annexed as Exhibit A to the Affidavit of Bruce J. Turkle, Esq., sworn to on April 18, 23 2007 ("Turkle Aff.").

2.      I have multiple disabilities, including Post Traumatic Stress Disorder and idiopathic hearing loss. I utilize a specially trained service animal to help mitigate the effects of my disabilities. However, my use of a service animal has, over the course of several years, subjected me to discrimination by NYCTA personnel, particularly, subway conductors and bus

operators, whose conduct violated my rights under the Americans With Disabilities Act and New York State and New York City human rights law. Indeed, since at least 1997, I have struggled with the NYCTA in an effort to have it end its discriminatory policies and implement adequate training for its employees.

3.      In 2004, I commenced an action in the Eastern District of New York, entitled Stamm v. New York City Transit Authority, 04 CV 2163 (ST)(JA) (the "Federal Action") (see Exh. C to Turkle Aff.), specifically challenging the NYCTA's discriminatory policies and practices against individuals who use service animals.

4.      Unfortunately, the commencement of that action did not end the discrimination that I have been forced to endure. On April 20, 2006, I was detained, ticketed and ejected by two New York City Transit Police Officers at the 14th Street-Union Square subway station for attempting to travel on the subway system with my service animal. By that date, the Federal Action was already pending and I was represented therein by a solo practitioner, Aaron David Frishberg, Esq.

5.      Immediately after the April 20, 2006 incident, I provided the NYCTA, in writing, with a detailed description of the incident, including the Shield numbers of both officers. See Exh. D to Turkle Aff. Thus, the NYCTA had ample opportunity to investigate the incident.

6.      On May 15, 2006 I appeared at a hearing before the Transit Adjudication Bureau to challenge the ticket. The hearing officer held that I am an individual with a disability and that my service animal is authorized to be in a NYCTA facility.

7.      At or about this time, I provided my then attorney, Mr. Frishberg, with all of the documentation related to this incident. I assumed he would take all of the steps necessary to file a Notice of Claim.

8.     Subsequently, I became increasingly dissatisfied with Mr. Frishberg's handling of the Federal Action. In early July 2006, I contacted Phillips Nizer with respect to retaining the this firm to replace Mr. Frishberg and represent me in the Federal Action.  On or about July 6, 2006, I terminated  Mr. Frishberg's representation and retained Phillips Nizer.  At that time, I was unaware of what actions Mr. Frishberg had taken regarding the April 20, 2006 incident.

9.     In or about mid-July 2006, I brought the April 20, 2006 incident to the attention of the attorneys at Phillips Nizer.  However, I could not then recall the exact date of the incident and no longer had any documents relating thereto in my possession.

10.     In or about late July, 2006, Mr. Frishberg released a portion of my files to Phillips Nizer.  However, those files were, to be blunt, a mess, which just confirmed my decision to terminate his representation.

11.     My attorneys at Phillips Nizer were unable to immediately identify the documents relevant to the April 20, 2006 incident.  However, upon doing so, they immediately drafted the Notice of Claim, the filing of which was briefly delayed because I was then away from New York City for vacation, which required the Notice to be sent back and forth by Federal Express.

_Estelle Stamm_
Estelle Stamm

Sworn to before me this 20 day of
April, 2007

Notary Public

TAWANDA LANDRUM
Notary Public, State of New York
Reg. No. 01LA6153990
Qualified in Kings County
My Comm. Expires 10/23/2010

3

006024 3

# EXHIBIT 3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

------------------------------------------------------------ x

In The Matter Of The Application of                    :

ESTELLE STAMM,                                        :

                          Petitioner,     :     Index No.: 13964/07

For An Order Pursuant to CPLR Article 78             :

        - against -                                :     **AFFIDAVIT OF BRUCE J. TURKLE**
                                                      :     **IN SUPPORT OF PETITIONER'S**
NEW YORK CITY TRANSIT AUTHORITY,                     :     **MOTION FOR LEAVE TO SERVE**
                                                      :     <u>**A LATE NOTICE OF CLAIM**</u>
                     Respondent    :

------------------------------------------------------------ x

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK )

      BRUCE J. TURKLE, being duly sworn, deposes and says:

      1.     I am a member of the firm of Phillips Nizer LLP, attorneys for the petitioner, Estelle Stamm. I am fully familiar with the facts set forth herein and submit this affidavit in support of Estelle Stamm's Petition for an Order, pursuant to CPLR Articles 4 and 78, deeming petitioner's Notice of Claim served on July 27, 2006 to have been timely served or, in the alternative, permitting petitioner to file a late notice of claim against the New York City Transit Authority (the "NYCTA") with respect to an incident that occurred on April 20, 2006.

      2.     On July 27, 2006, 98 days after the incident, petitioner filed a Notice of Claim against the Transit Authority and the New York City Police Department (the "Police Department"). A copy of the Notice of Claim is annexed hereto as Exhibit A. The Transit Authority thereafter rejected the Notice of Claim on the grounds that it was filed more than 90 days after the date of the incident. A copy of the NYCTA's letter of rejection is annexed hereto

996515.2

as Exhibit B. Significantly, the Police Department accepted the Notice of Claim, never claiming that it was in any way defective.

## Summary of Argument

3.    Petitioner's original Notice, which was filed only days after the 9½-day deadline, was late because petitioner was then in the process of retaining new counsel to represent her in an already pending federal court action. The change of counsel, and, more particularly, the exchange of petitioner's files, delayed the retrieval of the documents needed to draft the Notice. Consequently, petitioner's new counsel were not fully apprised of the April 20, 2006 in order to file the Notice within the prescribed time period.

## The Retention of New Counsel

4.    In early July 2006, petitioner contacted Phillips Nizer with respect to having this firm represent her in an action already pending in the Eastern District of New York entitled Stamm v. New York City Transit Authority, 04 CV 2163 (ST)(JA) (the "Federal Action"). A copy of the Complaint is annexed hereto as Exhibit C. The Federal Action alleges that the Transit Authority violated petitioner's rights under the Americans With Disabilities Act and other civil rights statutes through its discriminatory practices toward individuals who require the use of a service animal. Petitioner was then represented in the Federal Action by a solo practitioner, Aaron David Frishberg, Esq.

5.    On or about July 6, 2006, Petitioner terminated her relationship with Mr. Frishberg and retained Phillips Nizer. Communications between petitioner and Phillips Nizer then focused extensively on the factual and procedural background of the Federal Action, which had been pending for more than one year, and in which significant discovery related issues had been raised. Most pressing was petitioner's efforts to retrieve the case file from her former

counsel and for Phillips Nizer to request an adjournment of a July 11, 2006 conference then scheduled to be held before Magistrate Judge Joan Azrack.

6.    Amidst these discussions, Phillips Nizer was apprised of an incident that had occurred sometime in late April, 2006 in which petitioner was wrongly detained, ticketed and ejected from the 14th Street-Union Square subway station for attempting to travel on the subway system with her service animal. (Annexed hereto as Exhibit D is an April 28, 2006 letter from Stamm to the NYCTA detailing the incident, the Notice of Violation and the Notice of Decision and Order). Petitioner was then unaware of the precise date of the incident; moreover, the relevant documents, including the ticket that had been issued to petitioner by the Police Department were, to her belief, among the documents that were in the process of being retrieved from her former counsel, Mr. Frishberg.

7.    Certain of Mr. Frishberg's files relating to the Federal Action--and the April 20, 2006 incident--were delivered to Phillips Nizer in mid-July, 2006. The documents were delivered in haphazard fashion, with unmarked files and papers lumped together in boxes. Indeed, the files were so disorganized it was difficult to distinguish between petitioner's documents and those documents produced by the Transit Authority as part of discovery in the Federal Action. The documents pertaining to the April 20, 2006 incident were mixed in among other papers and not easily identifiable. Consequently, critical time passed before we were able to identify the documents relating to the April 20, 2006 incident.

8.    Phillips Nizer drafted and filed the Notice of Claim immediately upon being retained and identifying the pertinent documents, this despite the fact that we were simultaneously in the process of educating ourselves with respect to the pending Federal Action. However, the change of attorneys and the difficulties that flowed from the retrieval of petitioner's files caused the Notice of Claim to be filed late and, subsequently caused the Transit Authority—but not the Police Department-to reject same.

_____
Bruce J. Turkle

Sworn to before me this _16th_ day of
May, 2007

_____
Notary Public

KRISTINE M. GRISSETT
NOTARY PUBLIC, State of New York
No. 01GR6075810
Qualified in New York County
Commission Expires June 3, 2010

CV-07-5614 (Marrero, J.)

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

ROBIN STEPHENS,

                                        Plaintiff,

        - against -

SUPER SHUTTLE, INC., SUPERSHUTTLE
INTERNATIONAL, INC., NEW YORK CITY
TRANSIT AUTHORITY, MANHATTAN AND
BRONX SURFACE TRANSIT OPERATING
AUTHORITY and "JOHN DOE," NYCT BUS
DRIVER.

                                        Defendants.

**DECLARATION OF ANN BURTON GOETCHEUS IN SUPPORT OF TRANSIT**
**DEFENDANTS' MOTIONS TO DISMISS AND/OR SEVER**

                    MARTIN B. SCHNABEL
                    Attorney(s) for Defendant
                    NEW YORK CITY TRANSIT AUTHORITY
                    130 Livingston Street
                    Brooklyn, New York 11201
                    Ann Burton Goetcheus - Room 1233
                    (718) 694-3889

To:

Attorney(s) for Plaintiff

Service of a copy of the within is hereby admitted.

Dated,                              , 2007

Attorney(s) for: