# AARON DAVID FRISHBERG, ESQ.

116 WEST 111 STREET   NEW YORK NEW YORK 10026
TELEPHONE: 212. 740-4544

February 19, 2008

Hon. Victor Marrero, USDJ
United States District Court
500 Pearl Street
New York, NY 10007

Re: Stephens v. Shuttle Associates, LLC et al.
Dkt. No.07-cv-5614

Honorable Sir:

I write to bring to the attention of the Court the recent opinion of the Court of Appeal in Camarillo v. Carrols Corporation, et al., dkt. no. 06-4909, _F.3d_ (2d Cir. 2008), currently available on line at **http://caselaw.lp.findlaw.com/data2/circs/2nd/064909p.pdf** and according to the official docket sheet, approved for publication.

Defendants New York City Transit Authority and Manhattan and Bronx Surface Transit Operating Authority (the TA defendants) have brought a motion for summary judgment, or in the alternative, to dismiss.  Although the case at bar is brought against these Defendants pursuant to Title II of the Americans with Disabilities Act and the Rehabilitation Act, counsel is unaware of any decisional law making the obligation of a public authority or other governmental agency governed by Title II less stringent than that of a public accommodation under Title III of the ADA.

The Second Circuit, in Camarillo, reversed the dismissal of a claim against several fast food restaurants by a sight-impaired woman who complained of unequal service, to wit, the unwillingness of staff at the restaurants to read her the complete menu, being laughed and stared at, and being attended to by the cashier after fully sighted customers. Plaintiff in Camarillo alleged that she had experienced denials of equal service in each of the defendant restaurants on "at least two occasions at each restaurant."  Camarillo, id., slip op.

at p. 3.

The Court of Appeals, in reinstating the complaint, noted that the facts alleged permitted a reasonable inference that the defendants had "failed to adopt policies or procedures to effectively train their employees how to deal with disabled individuals." Id., In the case at bar, Defendants, while moving for summary judgment, have offered no proof of their efforts to train their personnel to proficiency to properly assist and treat individuals with disabilities who use their service. 49 CFR § 37.173. Plaintiff was kept waiting for half an hour on an empty bus, refusing to power down her wheelchair without any reason to do so being offered, before a supervisor came to the bus and offered to strap her in. She attests that without power in the wheelchair and without being secured, she would be thrown back and forth any time the bus accelerated or decelerated suddenly. Plaintiff has provided an affidavit stating that on more than half the occasions on which she has used New York City buses, the drivers have not offered to secure her wheelchair. Thus, drawing all inferences in favor of the non-moving party, it is submitted that, consistent with the Court of Appeals ruling in Camarillo, summary judgment must be denied to the TA defendants.

Respectfully submitted,

Aaron David Frishberg (AF 6139)
Attorney for Plaintiff

Shawn Friedman, Esq.
Joseph Tighe, Esq.