UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ROBIN STEPHENS,

    Plaintiff

        v.

NEW YORK CITY TRANSIT AUTHORITY,
MANHATTAN AND BRONX SURFACE TRANSIT
OPERATING AUTHORITY, and BUS OPERATOR
GREGORY

    Defendants
_____

DKT. NO. 07-cv-5614 (VM)

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR RECONSIDERATION AND REARGUMENT**

*Aaron David Frishberg (AF 6139)*
*116 W. 111th Street*
*New York, NY 10026*
*212 740 4544*
*Attorney for Plaintiff Robin Stephens*

Plaintiff respectfully submits that this Court's decision and order dated April 10, 2008 overlooked facts and law on the basis of which her disability discrimination claims against the Transit Authority defendants should have been allowed to go forward.

This Court's decision states that "Stephens alleges an isolated incident" and that "Stephens has alleged no set of facts to indicate that Transit Defendants failed to adopt policies or procedures to effectively train their employees how to deal with disabled individuals" (decision at p. 15).

In response to the TA Defendants' motion for summary judgment, however, Plaintiff had submitted as an exhibit in support of her opposition papers an affidavit which recounted the fact that the bus operator had not at any time during the incident offered or attempted to strap the wheelchair to secure it. She then stated: "Unfortunately, this is consistent with my experience on New York City Transit buses, where at least half the drivers do not offer to secure the wheelchair when I board the bus." Stephens affid., ¶ 5.
Viewed in light of this affidavit, the conduct of this bus operator may be seen not as the rudeness of an individual, but of a particularly egregious consequence of the failure of the TA defendants to train their operators to proficiency in addressing the needs of persons with different disabilities, as required by 49 C.F.R. § 37.173.

This was pointed out in Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss, at p. 20. Plaintiff is therefore not attempting to use a motion for reargument and reconsideration to make new arguments not raised in her opposition papers. Based upon this fact already in the record, it is submitted that Plaintiff should have been granted leave to replead, rather than having her complaint dismissed with prejudice.

Plaintiff also respectfully submits that this Court's treatment of the issue of the New York City Human Rights Law as governed by the same standards as the ADA overlooks the 2005 amendment to that statute, the Local Civil Rights Restoration Act, § 3 (7), which declared its intention that the protections of federal and state law should be viewed as a floor, not a ceiling, in construing its protections, (discussed in Plaintiff's Memorandum in Opposition at p. 8.)

As pointed out in <u>Farrugia</u> v. <u>North Shore University Hospital</u>, 13 M. 3d 740, 747-49, 820 N.Y.S. 2d 718, 724-25 (N.Y. Cty. 2006), "[t]he New York City Human Rights Law was intended to be more protective than the state and federal counterpart...The federal construct by which 'severity' or 'pervasiveness' is required to sustain a harassment claim is inconsistent with the City's Human Rights Law. Under the City's law, liability should be determined by the existence of unequal treatment and questions of severity and frequency reserved for consideration of damages."

Since Plaintiff's treatment on a TA bus was unquestionably "unequal", the liability of the TA defendants under the New York City Human Rights Law should have its day in court.

Respectfully submitted,

Aaron David Frishberg (AF 6139)
Attorney for Plaintiff