```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
ROBIN STEPHENS,                :
                               :
              Plaintiff,       :    07 Civ. 5614
                               :
      - against -              :    DECISION AND ORDER
                               :
SHUTTLE ASSOCIATES, L.L.C.,    :
SUPERSHUTTLE INTERNATIONAL,    :
INC., NEW YORK CITY TRANSIT    :
AUTHORITY, MANHATTAN AND       :
BRONX SURFACE TRANSIT          :
OPERATING AUTHORITY, and       :
BUS OPERATOR GREGORY,          :
                               :
              Defendants.      :
------------------------------X
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-23-08

**VICTOR MARRERO**, United States District Judge.

## I. BACKGROUND

By Decision and Order dated April 10, 2008 (the "Order")[1], the Court granted the motion of defendants New York City Transit Authority and Manhattan and Bronx Surface Transit Operating Authority (collectively, "Defendants") to dismiss the complaint in this action pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court determined that plaintiff Robin Stephens ("Stephens") failed to establish that Defendants violated the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (the "ADA"), the

---

[1] The Decision and Order is reported as Stephens v. Shuttle Assoc., ___ F. Supp. 2d ___, No. 07 Civ 5614, 2008 WL 1699793 (S.D.N.Y. April 10, 2008.

Rehabilitation Act, 29 U.S.C. § 794 et seq. (the "Rehabilitation Act"), the New York City Human Rights Law, N.Y. Admin. Code § 8-101 (the "NYCHRL"); and the New York State Human Rights Law, Executive Law § 290 et seq. (the "NYSHRL") (collectively, the "Acts"), and that Stephens failed to state a claim for intentional infliction of emotional distress and failure to train. Stephens now moves for an order pursuant to Local Civil Rule 6.3 granting reconsideration. Stephens's submission in support of the instant motion cites to law that is not controlling in this District and reiterates essentially the same arguments made in the underlying matter, points that this Court fully considered and found meritless.

## II.  STANDARD OF REVIEW

Reconsideration of a previous order by the court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys. Inc. Sec. Litg., 113 F. Supp.2d 613, 614 (S.D.N.Y. 2000) (citations and quotation omitted). "The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided." Schonberger v. Serchuk, 742 F. Supp. 108, 119 (S.D.N.Y. 1990). "The major grounds justifying reconsideration are 'an intervening change in

controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" <u>Virgin Atlantic Airways, Ltd. v. National Mediation Bd.</u>, 956 F.2d 1245, 1255 (2d Cir. 1992) (<u>quoting</u> 18 C. Wright, A. Miller & E. Cooper, <u>Federal Practice & Procedure</u> § 4478 at 790). To these ends, a request for reconsideration under Local Rule 6.3 must demonstrate controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court. <u>See</u> <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995).

Local Rule 6.3 is intended to "'ensure the finality of decisions and to prevent the practice of a losing party ... plugging the gaps of a lost motion with additional matters.'" <u>S.E.C. v. Ashbury Capital Partners</u>, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (<u>quoting</u> <u>Carolco Pictures, Inc. v. Sirota</u>, 700 F. Supp. 169, 170 (S.D.N.Y. 1988))). A court must narrowly construe and strictly apply Local Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent the Rule from being used to advance different theories not previously argued, or as a substitute for appealing a final

judgment. See Montanile v. Nat'l Broad Co., 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002); Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999).

### III. DISCUSSION

Stephens urges reconsideration on the basis of the same arguments that were raised in the original motion. The motion at hand cites no controlling law or factual matters the Court overlooked that might reasonably be expected to alter the outcome of the Order. Indeed, the Court took into account and rejected the various considerations Stephens asserts as grounds for this motion.

Specifically, Stephens asserts, as she did in her opposition papers to Defendants' Motion to dismiss, that it was her experience on Defendants' buses that at least half the bus operators did not request her to secure her wheelchair when she boarded their buses and that this practice constitutes evidence of Defendants' failure to adopt policies and procedures to effectively train their employees how to deal with disabled individuals. However, the Court considered this argument and rejected it, even if Stephens's allegations were true, because Defendants' conduct in this regard does not create a reasonable inference that Defendants failed to adopt policies or procedures to effectively train their employees on how to

deal with disabled individuals. See <u>Camarillo v. Carrols Corp.</u>, 518 F.3d 153, 156-57 (2d Cir. Feb. 8, 2008) (finding that a reasonable inference can be drawn that defendants failed to adopt policies and procedures to effectively train their employees how to deal with disabled individuals when the plaintiff, who was legally blind, alleged numerous occasions that defendants' restaurants read only part of the menu to her and were unwilling to communicate effectively the range of menu options available to her). Whether or not other operators of Defendants' buses requested that Stephens secure her wheelchair when she boarded Defendants' buses does not go to the question of whether Defendants unlawfully discriminated against her on the occasion at issue here. Stephens alleged that she was discriminated against when Bus Operator Gregory ("Gregory") told her to power off her wheelchair, refused to explain why, and ultimately delayed her transportation approximately forty minutes. Stephens claimed that "Gregory's discriminatory treatment of [Stephens]" was caused "by the Defendants' failure to train their personnel to proficiency to properly assist and treat individuals with disabilities who use the service in a respectful and courteous way, with appropriate attention to the difference among individuals with disabilities." (Am. Compl. ¶88.) Stephens does not allege instances where other

operators of Defendants' buses discriminated against her through conduct similar to the allegations she makes against Gregory. Therefore, Stephens does not sufficiently allege facts to support a reasonable inference that Defendants failed to adopt policies or procedures to effectively train their employees on how to deal with disabled individuals to constitute a violation of the Acts. See Camarillo, 518 F.3d at 57 (stating that a plaintiff must allege "more than mere rudeness or insensitivity, and more than one or two isolated mistakes"). Accordingly, Stephens does not allege factual matters that the Court overlooked or that might reasonably be expected to alter its conclusion that Stephens failed to state a claim that Defendants violated the Acts.

Stephens also contends that the Court improperly dismissed her claim under the NYCHRL because it overlooked the decision in Farrugia v. North Shore Univ. Hosp., 820 N.Y.S.2d 718 (N.Y. Sup. Ct. 2006). In that case, a lower state court declared that "[t]he [NYCHRL] was intended to be more protective than the state and federal counterpart." Id. at 724. However, the Court is not bound by the decision in Farrugia. The Court in its Order found that Stephens's claims under the NYCHRL and NYSHRL should be dismissed because "the scope of the disability discrimination

provisions of the NYCHRL and NYSHRL are similar to those of the ADA and Rehabilitation Act." Stephens, 2008 WL 1699793, at *6 (citing Camarillo, 518 F.3d at 158 (citations omitted); Rodal v. Anesthesia Group of Onondaga, 369 F.3d 113, 117 n.1 (2d Cir. 2004) ("New York State disability discrimination claims are governed by the same legal standards as federal ADA claims."); Romanello v. Shiseido Cosmetics Am., No. 00 Civ. 7201, 2002 WL 31190169, at *7 (S.D.N.Y. Sept. 30, 2002) ("[T]he same standards used to evaluate claims under the ADA also apply to cases involving the NYHRL and NYCHRL.")); see also Ragusa v. United Parcel Serv., 05 Civ. 6187, 2008 WL 612729, at *4 (S.D.N.Y. March 3, 2008)(applying the same standard to evaluate claims under the ADA, NYSHRL and NYCHRL); Attis v. Solo Realty Dev. Co., 522 F. Supp. 2d 623, 627 (S.D.N.Y. 2007) (same). Accordingly, Stephens does not cite controlling law that would justify the exceptional remedy of reconsideration of the Court's dismissal of Stephens's NYCHRL claim.

Because Stephens has failed to identify any controlling law or factual matters put to the Court on the underlying motion that the Court demonstrably did not consider, Stephens's motion for reconsideration is DENIED.

## IV. ORDER

For the reasons stated above, it is hereby

**ORDERED** that motion of plaintiff Robin Stephens for reconsideration (Docket No. 44) of the Court's Decision and Order dated April 10, 2008 is DENIED.

**SO ORDERED:**

Dated:   New York, New York
         April 23, 2008

_____
VICTOR MARRERO
U.S.D.J.